IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MATTHEW JONES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : Civil Action No. 19-897-RGA | |
| | : | |
| DENNISA THOMPSON, et al., | : | |
| | : | |
| Defendants. | : | |

Matthew Jones, Greenwood, Delaware.   Pro Se Plaintiff.

## MEMORANDUM OPINION

April 20, 2020
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Matthew Jones, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action on May 13, 2019.   (D.I. 2).   He asserts jurisdiction by reason of a federal question.   I dismissed the original complaint and gave Plaintiff leave to amend.   (D.I. 6, 7). He filed an Amended Complaint (D.I. 8), which I will review and screen under 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The Amended Complaint states that Defendant Recovery Innovations is a service of the State of Delaware and that its employees, including Defendant Denissa Thompson, "are deemed by the State Judicial Branch of Government to be health care workers."  (D.I. 8 at 1-2).   Plaintiff alleges that on November 1, 2017, the State Police, Thompson, Greenwood Police, and other Recovery Innovations workers arrived at his house in response to a Facebook post Plaintiff had made earlier in the evening.   (D.I. 8 at 2).   He alleges that Thompson made the uninvited visit late at night to examine and treat him and that after Plaintiff was questioned, Thompson determined that Plaintiff was a threat to himself and others and "judged" him to have schizophrenia.   (*Id*. at 4).   As in the original complaint, the Amended Complaint describes schizophrenia in great detail.  (*Id*. at 6-10).    Plaintiff was transported to Nanticoke Hospital where Thompson recommended Plaintiff be involuntarily held and medicated.   (*Id*. at 4).   Plaintiff alleges that Thompson's negligence was the cause of his involuntary removal from his home, being held for several weeks, and being administered life threatening medications.   (*Id*. at 2).

1

With regard to Recovery Innovations, Plaintiff alleges that when he was a teen, Recovery Innovations workers beat, raped, and molested him. (*Id.* at 10). He alleges that the workers grew tired of sexually and physically abusing Plaintiff and have now "concocted a mental health diagnosis" that Plaintiff has delusions. (*Id.*).

With regard to Thompson, Plaintiff specifically alleges that she "was negligent, reckless, and/or wanton in that she": (1) violated rulings of several federal cases; (2) violated Plaintiff's First Amendment rights to free speech and freedom of the press; (3) violated Plaintiff's Second Amendment right to bear arms; (4) violated Plaintiff's Fourth Amendment rights against unreasonable searches and seizures; (5) violated his Eighth Amendment rights against cruel and unusual punishment; (6) misdiagnosed him in violation of 18 U.S.C. §1035; (7) caused assault and battery when he was medicated unnecessarily for a disease he does not have; (8) risked harm to his mother's life by removing Plaintiff (his mother's caregiver) from his mother's life; (9) violated his right to equal protection under the Fourteenth Amendment; (10) violated the Federal Tort Claim Act, 28 U.S.C. § 2674; (11) is liable under 42 U.S.C. § 1983; (12) is liable under 10 Del. C. § 4011, the statute that provides for immunity under Delaware's County and Municipal Tort Claims Act; and (13) is liable under Article 1, Section 9 of the Delaware Constitution.

Plaintiff alleges that as a direct and proximate result of the negligent conduct of Thompson, he has suffered serious bodily injury. (*Id.* at 15). He seeks two million dollars in compensatory damages. (*Id.* at 16).

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening

provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d

Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).   The Court

must accept all factual allegations in a complaint as true and take them in the light most

favorable to a *pro se* plaintiff.   *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d

Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Under 28 U.S.C. § 1915(e)(2)(B)(i), a

court may dismiss a complaint as frivolous if it is "based on an indisputably meritless

legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.

*Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant

to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6)

motions.   *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).   However,

before dismissing a complaint or claims for failure to state a claim upon which relief may

be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must

grant Plaintiff leave to amend his complaint unless amendment would be inequitable or

futile.   *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his

amended complaint, "however inartfully pleaded, must be held to less stringent

3

standards than formal pleadings drafted by lawyers."   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).   "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"   *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).   In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility.   *See Johnson v. City of Shelby*, 574 U.S. 10 (2014).   A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.   *See id.* at 11.

When reviewing the sufficiency of a complaint, a court should follow a three-step process:   (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim.   *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).   Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   *Id.*

4

## DISCUSSION

Plaintiff attempts to raise a claim under the Federal Tort Claims Act. The Federal Tort Claims Act allows a plaintiff to seek damages from the United States for certain torts committed by federal employees. *See* 28 U.S.C. § 1346(b). There are no named federal defendants. The claim fails as a matter of law.

Plaintiff also attempts to raise a claim under 42 U.S.C. § 1983 for violations of his constitutional rights. He alleges violations of several amendments including the First, Second, Fourth, Eighth, and Fourteenth Amendments. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Mere negligence in and of itself does not, however, violate one's constitutional rights. *See, e.g., Daniels v. Williams*, 474 U.S. 327, 330-36 (1986). The allegations clearly state that Thompson's alleged negligence caused Plaintiff harm. Negligent acts do not rise to the level of a constitutional violation and the § 1983 claims fail as a matter of law.

With regard to Recovery Innovations, Plaintiff alleges its employees were present on November 1, 2017 when Plaintiff was transported to a local hospital. Plaintiff alleges that Thompson, as well as other unnamed Recovery Innovations employees, acted in a negligent manner. As discussed above, this does not suffice to state a § 1983 claim. In addition, Plaintiff makes implausible allegations that its workers physically and sexually assaulted Plaintiff when he was a teen and, when its workers grew tired of this and Plaintiff became an adult, the workers "concocted" a mental health

5

diagnosis. The Court's common sense and judicial experience leads to the conclusion that the allegations do not state a cognizable claim for relief.

Plaintiff alleges he was misdiagnosed in violation of 18 U.S.C. § 1035, a federal criminal statute. To the extent that Plaintiff seeks to impose criminal liability upon Defendants pursuant to the criminal statutes upon which he relies, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). The claim will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

To the extent Plaintiff attempts to raise a medical negligence claim, he has not met Delaware's statutory requirements to do so. *See* 18 Del. C. §§ 6801-65. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. C. § 6853. The medical negligence claims will be dismissed.

The Amended Complaint also alleges that Thompson recommended Plaintiff's hospitalization. The allegation infers that decision to hospitalize Plaintiff was not within

6

Thompson's control.   Also, risking harm to Plaintiff's mother is at most negligence, but it is not a basis for Plaintiff to assert a claim (*i.e.*, he may not assert claims on his mother's behalf).   Nor do the factual allegations suffice to support the numerous other claims of alleged violative conduct by Defendants.

Finally, Plaintiff does not allege that there is diversity jurisdiction.   As pled, the Amended Complaint fails to allege any federal violations.   Plaintiff has not raised any cognizable state claims (but to the extent he has), the Court declines to exercise supplemental jurisdiction

## CONCLUSION

For the above reasons, the Court will dismiss the Amended Complaint pursuant to 28 U.S.C. §1915(e)(2)(B)(i).   Plaintiff was given leave to amend, but failed to cure his pleading defects.   The Court finds amendment futile.

An appropriate order will be entered.

7